**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| ELIZABETH BARR, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 3:13-cv-04925-M |
| | § | |
| CUSTOM DESIGN & | § | |
| INSTALLATION, INC. AND | § | |
| EDWIN C. CHILDS, III, | § | |
| Individually, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants' Motion for Summary Judgment.  [Docket Entry # 19].

For the reasons stated below, the Motion is **GRANTED.**

## I.    BACKGROUND

On January 31, 2014, Plaintiff Elizabeth Barr filed her First Amended Complaint against

her former employer, Custom Design & Installation, Inc. ("Custom Design"), and the President

of Custom Design, Edwin C. Childs, III (collectively, "Defendants"), seeking to recover

damages for nonpayment of overtime wages and failure to maintain accurate employee pay

records under the Fair Labor Standards Act ("FLSA").  [Docket Entry # 9, ¶¶ 6.1-6.7].

Defendants moved for summary judgment, arguing that Plaintiff is not a covered employee under

the FLSA, and, alternatively, that even if Plaintiff is a covered employee, she is not entitled to

liquidated damages because any violations of the FLSA were "performed on a reasonable basis

and in good faith belief of compliance with the law."  [Docket Entry # 20, ¶¶ 4-6].

Custom Design is a small company that designs and installs electronic surveillance and intrusion alarm systems.  [Docket Entry # 22 at App. 2-3, ¶¶ 3, 6 (Aff. of Edwin C. Childs)].  All of its systems are customized to fit each customer's location.  *Id*. at App. 3, ¶ 4.  Its business is limited to Texas.  It neither advertises to customers from other states, nor has it ever designed, installed, or maintained any system in any other state.  *Id*. at ¶ 3.

Plaintiff worked for Custom Design as a file clerk from April 2012 through October 2013.  *Id.* at ¶ 5; [Docket Entry # 41-1; Pl's Ex. A, ¶ 1 (Decl. of Elizabeth Barr)].  She was responsible for assisting Mr. Childs in his duties, but her duties never involved regularly making interstate phone calls, handling records of interstate transactions, sending interstate mail, traveling across state lines, or working with goods intended for use, delivery, or sale outside of Texas.  [Docket Entry # 22 at App. 4-5, ¶¶ 8-9, 11].  However, her duties included picking up security monitoring and alarm products from various in-state vendors.  [Docket Entry # 41-1, ¶ 4].

## II.    LEGAL STANDARDS

### A.  Summary Judgment Standard

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986).  "Factual disputes that are irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion.  *Id.*  Once the movant carries its initial burden, the burden shifts to the non-movant to show that summary judgment is improper, by designating specific facts beyond the pleadings that prove the existence of a genuine issue of material fact.  *See* Fed. R. Civ. P. 56(a); *Anderson,* 477 U.S. at 250.  If the nonmoving party fails

2

to make a showing sufficient to establish the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–23 (1986).

### B. Covered Employees Under the FLSA

The FLSA imposes record keeping requirements on employers and guarantees overtime compensation to employees when employees are (1) "employed in an enterprise engaged in commerce or in the production of goods for commerce" (enterprise coverage), or (2) individually "engaged in commerce or in the production of goods for commerce" (individual coverage).  29 U.S.C. §§ 207(a)(1), 211(c); *see, e.g.*, *Martin v. Bedell,* 955 F.2d 1029, 1032 (5th Cir. 1992). "The plaintiff employee has the burden to show that there is coverage, whether individual or enterprise." *Mendoza v. Detail Solutions, LLC*, 911 F. Supp. 2d 433, 438-39 (N.D. Tex. 2012) (citing *D.A. Schulte, Inc. v. Gangi,* 328 U.S. 108 (1946)).  Because Plaintiff concedes in her Response that she no longer relies on a claim of enterprise coverage, Defendants are entitled to summary judgment as to enterprise coverage.  [Docket Entry # 41, ¶ 2].  The only remaining issue as to coverage under the FLSA is individual coverage.

To determine whether an employee is "engaged in commerce" for purposes of establishing individual coverage, the Fifth Circuit asks "whether the work [of the employee] is so directly and vitally related to the functioning or an instrumentality or facility of interstate commerce as to be, in practical effect, a part of it rather than an isolated activity." *Williams v. Henagan*, 595 F.3d 610, 621 (5th Cir. 2010).  "Work that is purely local in nature does not meet the FLSA's requirements, but '[a]ny regular contact with commerce, no matter how small, will result in coverage.'" *Id.*  It is well-settled that in the FLSA, Congress did not regulate to the full extent of its powers under the Commerce Clause. *Wirtz v. Wohl Shoe Company,* 382 F.2d 848,

850 (5th Cir. 1967).  For example, "employees whose activities merely affect commerce" do not

come within the scope of the FLSA.  *Id.*

### III.   ANALYSIS

Defendants argue that individual coverage does not apply because the Plaintiff did not

regularly use the instrumentalities of interstate commerce and her work was local in nature, and

that, therefore, she was not engaged in commerce while employed by Custom Design.  [Docket

Entry # 20, ¶¶ 23-25].  Plaintiff responds that individual coverage applies because she was

engaged in commerce when she purchased products from local vendors that had previously

moved between states, and which were later integrated into Defendants' security systems

installed in customers' locations in Texas.  [Docket Entry # 41, ¶¶ 3-10].

When a product crosses state lines and comes to rest in a local retail store, the critical

inquiry for purposes of determining individual coverage under the FLSA is whether the local

employee's activities are only "incident" to the local retail business, or "so closely related to the

stream of commerce as to form a part of it."  *Wirtz*, 382 F.2d at 850.  Employees are engaged in

commerce when they work for a wholesaler and move goods interstate to meet the needs of

specified customers; however, employees are not engaged in commerce when they handle goods

*after* a merchant acquires the goods for distribution in the community where the employee is

located.  *McLeod v. Threlkeld*, 319 U.S. 491, 494 (1943).

The Fifth Circuit has held that employees of a business with stores in several states

engage in commerce when their work is an essential and integral part of the employer's interstate

business.  *Wirtz*, 382 F.2d at 851.  However, the Fifth Circuit has also held that employees have

not engaged in commerce when they merely use interstate products to operate an intrastate

business.  *Williams*, 595 F.3d at 621.  In *Wirtz*, a retail company operated 214 stores in 42 states.

*Wirtz*, 382 F.2d at 849.  It employed four employees in Texas who performed clerical and administrative duties for four of its stores in Texas.  *Id.*  Most of the goods offered by these four stores had been purchased wholesale from an out-of-state manufacturer.  *Id.*  After the shipments of such goods arrived at the four stores, invoices would be sent to the employees to "prepare merchandise received reports and transmit them, together with the invoices or bills of lading, to the home office in St. Louis."  *Id.*  The clerical employees also received bank deposit slips, sales and receipt tickets, and cash register tapes from each of the four stores, which the employees used to "prepare daily cash and charge summaries for each store," and, along with deposit slips, sent them to the home office.  *Id.*  Finally, the employees did all the work related to credit sales for the four stores, prepared payroll records and paychecks for the four stores, and prepared semi-monthly sales reports that included the sales of the goods in stock, which were used to create a "perpetual inventory."  *Wirtz*, 382 F.2d at 849-50.  The Fifth Circuit held that the work of the employees was an "essential and integral part of the [employer's] interstate business," so that it satisfied the FLSA's "engaged in commerce" requirement for individual coverage.  *Id.* at 851.

In *Williams*, on the other hand, the Fifth Circuit held that an employee was not engaged in commerce when the employee mowed lawns and set up temporary playgrounds for a small Louisiana business, *see Williams*, 595 F.3d at 621, even though, as another court observed, the employee "undoubtedly used tools and gasoline that had traveled in interstate commerce when he mowed lawns," *Garcia v. Green Leaf Lawn Maint.*, No. CIV. A. H-11-2936, 2012 WL 5966647, at *3 (S.D. Tex. Nov. 28, 2012).  The Fifth Circuit spent no time inquiring into whether the tools and gasoline had actually traveled across state lines to the local store, where they were purchased to operate the lawn care business.  *See Williams*, 595 F.3d at 621.

5

Similarly, in *Sobrinio v. Medical Center Visitor's Lodge, Inc.,* the Fifth Circuit held that a motel employee was not "engaged in commerce" when he drove out-of-state guests to run errands, but never drove them to or from the airport.  *Sobrinio v. Medical Ctr. Visitor's Lodge, Inc.*, 474 F.3d 828, 829 (5th Cir. 2007).  The Fifth Circuit explained that the employee's activities were not part of interstate commerce because the stream of interstate commerce ended when the guests reached the motel, and did not begin again until they departed.  *Id.* at 830.

Two Eleventh Circuit cases directly address the issue before the Court: whether an employee engages in commerce when she purchases goods from a local retail store to operate an intrastate business, and those goods had previously traveled between states.  *See Thorne v. All Restoration Services., Inc*, 448 F.3d 1264, 1267 (11th Cir. 2006); *Guzman v. Irmadan, Inc.,* 322 F. App'x 644, 645 (11th Cir. 2009) (per curiam) (unpublished).  The Eleventh Circuit explained in *Thorne* that there is a meaningful distinction between merchants who purchase goods directly from out-of-state wholesalers to resell to in-state customers, and in-state customers who purchase goods from merchants to use locally.  *Thorne*, 448 F.3d at 1267.  The Eleventh Circuit noted that, unlike the merchant who purchases goods from out-of-state wholesalers to resell them, "a customer who purchases an item from Home Depot is not engaged in commerce even if Home Depot previously purchased it from out-of-state wholesalers."  *Id.*

Similarly, in *Guzman*, an employee's activity was held to be "purely intrastate activity" when the employee purchased from local stores material that had previously traveled across state lines, and the material was then used to construct cabinets sold to in-state customers.  *Guzman*, 322 F. App'x at 645.  The plaintiff argued that the material was still moving in commerce after its purchase from the local stores because the customers who purchased the cabinets were the "ultimate consumers" of the interstate material.  *Id.* at n.3.  The Eleventh Circuit rejected this

argument, holding that "the materials were removed from the flow of interstate commerce when they arrived at the retail stores."  *Id.*; *cf. Sobrinio*, 474 F.3d at 829.  Citing the Fifth Circuit, the Eleventh Circuit explained that "the materials [the employee] used and transported simply allowed [the employer] to conduct its cabinetry business."  *Guzman*, 322 F. App'x at 645 (citing *Dunlop v. Indus. Am. Corp.,* 516 F.2d 498, 499-502 (5th Cir. 1975).

The case relied upon by Plaintiff is consistent with the analysis of the Fifth and Eleventh Circuits.  *See Tran v. Thai*, No. CIV.A. H-08-3650, 2010 WL 5232944, at *4 (S.D. Tex. Dec. 16, 2010); [Docket Entry 41, ¶ 6].  In *Tran*, the court approvingly cited *Guzman* for the proposition that "reception of items from out of state wholesalers ends the interstate journey and employees engaged in further intrastate movement of the goods are 'not covered under the Act.'"  *Tran*, 2010 WL 5232944, at *4.

This Court concludes that an employee engages in purely local activity when she purchases goods from a local retail store to contribute to the operations of an intrastate business, even though the goods have previously traveled interstate.  *See Williams*, 595 F.3d at 621; *Sobrinio* 474 F.3d at 830.  Any effect on interstate commerce is merely incidental to the operation of the local business.  *See Wirtz*, 382 F.2d at 850; *Guzman*, 322 F. App'x at 645.

In this case, Ms. Barr was not engaged in commerce.  There is no evidence that her work activities were so directly and vitally related to interstate commerce as to form a part of it.  *See Williams*, 595 F.3d at 621.  She did not regularly make interstate phone calls, handle records of interstate transactions, send interstate mail, travel across state lines, or work with goods intended for use, delivery, or sale outside of Texas.  [Docket Entry # 22 at App. 4-5, ¶¶ 8-9, 11].  The undisputed facts show that the only asserted basis for FLSA applicability, individual coverage, does not exist.

### IV.    CONCLUSION

As a matter of law, the Court finds that Plaintiff is not covered under the FLSA.

Therefore, the FLSA is not applicable to the Plaintiff, and the Court **GRANTS** Defendants'

Motion for Summary Judgment.  A separate judgment will issue dismissing Plaintiff's case.

**SO ORDERED.**

**March 19, 2015.**


**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**